UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ABIJAH WILLIAMS,<br><br>　　　　　Petitioner,<br><br>　　v.<br><br>T.L. CAMPBELL, Warden,<br><br>　　　　　Respondent. | ) Case No. EDCV 22-2012-MCS (JPR)<br>)<br>)<br>) ORDER SUMMARILY DISMISSING<br>) PETITION FOR WRIT OF HABEAS<br>) CORPUS FOR LACK OF SUBJECT MATTER<br>) JURISDICTION<br>)<br>)<br>) |

　　On November 10, 2022, Petitioner filed a habeas petition by a person in state custody, challenging his 2006 conviction in Riverside County Superior Court for attempted murder and related crimes. (See Pet. at 2 (the Court uses the pagination generated by its Case Management/Electronic Case Filing system).) He claims that new evidence, the victim's recantation, shows his actual innocence. (See id. at 14-16.)

　　This is not Petitioner's first federal habeas petition, however. On April 16, 2013, the Court denied as time barred his habeas petition challenging the same judgment, in case number EDCV 11-1088-SVW (FFM). He apparently did not appeal, and nothing indicates that his state-court judgment has been modified

in any way since the prior habeas petition was denied. (See, e.g., Pet. at 33 (indicating that in 2021, state court denied habeas petition raising "same" claim as "this petition").)

The Antiterrorism and Effective Death Penalty Act provides:

> (b)(1) A claim presented in a second or successive habeas corpus application under section 2254 that was presented in a prior application shall be dismissed.
>
> (2) A claim presented in a second or successive habeas corpus application under section 2254 that was not presented in a prior application shall be dismissed unless—
>
> (A) the applicant shows that the claim relies on a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable; or
>
> (B)(i) the factual predicate for the claim could not have been discovered previously through the exercise of due diligence; and
>
> (ii) the facts underlying the claim, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that, but for constitutional error, no reasonable factfinder would have found the applicant guilty of the underlying offense.
>
> (3)(A) Before a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of

appeals for an order authorizing the district court to consider the application. 28 U.S.C. § 2244(b).

A denial of a habeas petition as untimely acts as a decision on the merits. See McNabb v. Yates, 576 F.3d 1028, 1029 (9th Cir. 2009). The Petition is therefore successive within the meaning of § 2244(b) because it challenges the same judgment as the earlier petition denied on the merits. Under § 2244(b)(3)(A), then, Petitioner was required to secure an order from the Ninth Circuit authorizing its filing before he filed it. See Cooper v. Calderon, 274 F.3d 1270, 1274 (9th Cir. 2001) (per curiam). A review of the Ninth Circuit's docket indicates that he has not obtained such an order; indeed, he apparently has never even asked for one.

Because it is successive and unauthorized, the Petition is SUMMARILY DISMISSED without prejudice to its refiling should Petitioner obtain the necessary permission from the Ninth Circuit. See R. 4, Rs. Governing § 2254 Petitions in U.S. Dist. Cts. ("If it plainly appears . . . that the petitioner is not entitled to relief . . . the judge must dismiss the petition[.]"); C.D. Cal. R. 72-3.2 (authorizing Magistrate Judge to prepare summary-dismissal order for District Judge to sign).

DATED: November 18, 2022

MARK C. SCARSI
U.S. DISTRICT JUDGE

Presented by:

Jean Rosenbluth
U.S. Magistrate Judge

3